UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>Plaintiff, )<br>)<br>v. )<br>)<br>27. ROBERT AVITABILE, )<br>A/K/A "BOBBY," )<br>Defendant. ) | **FILED *EX PARTE* AND UNDER SEAL**<br><br>Criminal No.: 19-10459-RWZ |

## UNITED STATES' MOTION FOR POST-INDICTMENT RESTRAINING ORDER

The United States of America, by its attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts, respectfully requests that this Court, pursuant to 18 U.S.C. § 1963(d)(1)(A) and 21 U.S.C. § 853(e)(1)(A), endorse a Post-Indictment Restraining Order against the following properties:

a. the real property located at 104 Tallman Street, New Bedford, Massachusetts, which is owned by A.M.A. Realty Trust u/d/t, Trustee: Robert J. Avitabile, including all buildings, appurtenances, and improvements thereon, more particularly described in a Corrective Deed recorded in Book 10311, Page 163 at the South Bristol Registry of Deeds;

b. the real property located at 358 North Front Street, New Bedford, Massachusetts, which is owned by A.R.A. Realty Trust, u/d/t, Trustee Robert J. Avitabile, including all buildings, appurtenances, and improvements thereon, more particularly described in a Quitclaim Deed recorded in Book 10727, Page 323 at the South Bristol Registry of Deeds;

c. the real property located at 239 Sawyer Street, New Bedford, Massachusetts, which is owned by 239 Sawyer Realty Trust u/d/t, Trustee: Robert J. Avitabile, including all buildings, appurtenances, and improvements thereon, more particularly described in a Quitclaim Deed recorded in Book 7539, Page 100 at the South Bristol Registry of Deeds; and

d. the real property located at 585 Elm Street, New Bedford Massachusetts, which is owned by A.R.A. Realty Trust Corp., including all buildings, appurtenances, and improvements thereon, more particularly described in a Foreclosure Deed recorded in Book 12908, Page 301 at the South Bristol Registry of Deeds.

(collectively, the "Real Properties").

In support thereof, the United States sets forth the following:

On December 4, 2019, a federal grand jury sitting in the District of Massachusetts, returned a nine-count Indictment charging Robert Avitabile, a/k/a Bobby (the "Defendant"), among others, with Conspiracy to Conduct Enterprise Affairs Through A Pattern of Racketeering Activity, in violation of 18 U.S.C § 1962(d) (Count One); and Conspiracy to Manufacture, Distribute and Possess with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. § 846 (Count Two).[1]

The Indictment included a RICO Forfeiture Allegation, which provided notice that the United States intended to seek forfeiture, pursuant to 18 U.S.C. § 1963(a), upon conviction of the Defendant of the offense in violation of 18 U.S.C. § 1962, as set forth in Count One of the Indictment, of (a) any interest acquired or maintained in violation of 18 U.S.C. § 1962; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962; and (c) any property constituting, or derived from, any proceeds obtained, directly and indirectly, from racketeering activity or unlawful debt collection in violation of 18 U.S.C. § 1962. The RICO Forfeiture Allegation identified the Real Properties, among others, as subject to forfeiture.

The Indictment also included a Drug Forfeiture Allegation, which provided notice that the United States intended to seek forfeiture, pursuant to 21 U.S.C. § 853(a), upon conviction of the Defendant of the offense in violation of 21 U.S.C. § 846, set forth in Count Two of the Indictment, of any property constituting, or derived from, any proceeds obtained, directly or

---

[1] The Defendant was only charged in Counts One and Two of the Indictment.

indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense. The Drug Forfeiture Allegation identified the Real Properties, among others, as subject to forfeiture.

The proposed Restraining Order, submitted herewith, would restrain the Defendant, his agents, servants, employees, attorneys, family members, all other persons in active concert or participation with him, and all persons in possession or control of the Real Properties, from:

a) alienating, dissipating, transferring, selling, assigning, leasing, pledging, encumbering, hypothecating, spending, disposing of, or removing equipment from the Real Properties, in any manner, directly or indirectly, or completing any action that would affect or diminish the marketability of the Real Properties;

b) causing the Real Properties to be alienated, dissipated, transferred, sold, assigned, leased, pledged, encumbered, or disposed of in any manner; or

c) taking, or causing to be taken, any action which could have the effect of concealing the Real Properties, removing the Real Properties from the jurisdiction of this Court, or damaging, depreciating, or diminishing the value of the Real Properties

without prior approval of this Court upon notice to the United States, and an opportunity for the United States to be heard.

As set forth in the memorandum of law submitted herewith, the United States is entitled to a restraining order to preserve the *status quo* of the Real Properties and to secure the continued availability of the Real Properties for forfeiture upon the Defendant's conviction. If the Real Properties are not restrained, there is a substantial risk that they will be transferred, encumbered, dissipated, or otherwise made unavailable for forfeiture at the conclusion of this case.

WHEREFORE, for these reasons and the reasons set forth in the United States' Memorandum in Support of Motion for Post-Indictment Restraining Order, the United States requests that this Court enter a restraining order in the form submitted herewith.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: /s/ Carol E. Head
PHILLIP MALLARD
RACHEL E. GOLDSTEIN
CAROL E. HEAD, B.B.O. # 652170
Assistant United States Attorney
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
carol.head@usdoj.gov

Dated: December 4, 2019

4