UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>            Plaintiff, )<br>                          )<br>v.                          )<br>                          )<br>27. ROBERT AVITABILE, )<br>     A/K/A "BOBBY," )<br>           Defendant. ) | **FILED *EX PARTE* AND UNDER SEAL**<br><br>Criminal No.: 19-10459-RWZ |

## UNITED STATES' MEMORANDUM IN SUPPORT OF
## MOTION FOR POST-INDICTMENT RESTRAINING ORDER

The United States of America, by its attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts, respectfully submits this memorandum of law in support of its Motion for Restraining Order pursuant to 18 U.S.C. § 1963(d)(1)(A) and 21 U.S.C. § 853(e)(1)(A). The United States seeks to forfeit the following real properties:

a. the real property located at 104 Tallman Street, New Bedford, Massachusetts, which is owned by A.M.A. Realty Trust u/d/t, Trustee: Robert J. Avitabile, including all buildings, appurtenances, and improvements thereon, more particularly described in a Corrective Deed recorded in Book 10311, Page 163 at the South Bristol Registry of Deeds;

b. the real property located at 358 North Front Street, New Bedford, Massachusetts, which is owned by A.R.A. Realty Trust, u/d/t, Trustee Robert J. Avitabile, including all buildings, appurtenances, and improvements thereon, more particularly described in a Quitclaim Deed recorded in Book 10727, Page 323 at the South Bristol Registry of Deeds;

c. the real property located at 239 Sawyer Street, New Bedford, Massachusetts, which is owned by 239 Sawyer Realty Trust u/d/t, Trustee: Robert J. Avitabile, including all buildings, appurtenances, and improvements thereon, more particularly described in a Quitclaim Deed recorded in Book 7539, Page 100 at the South Bristol Registry of Deeds; and

d. the real property located at 585 Elm Street, New Bedford Massachusetts, which is owned by A.R.A. Realty Trust Corp., including all buildings, appurtenances, and improvements thereon, more particularly described in a Foreclosure Deed recorded in Book 12908, Page 301 at the South Bristol Registry of Deeds

(collectively, the "Real Properties").

To preserve the *status quo* with respect to the Real Properties while the case is pending, the United States now seeks an order restraining the transfer, alienation, concealment, or dissipation of the Real Properties. As set forth in more detail below, the applicable forfeiture statutes expressly authorize this Court to issue a restraining order where, as here, the United States seeks to restrain property after an Indictment has been filed providing notice that the properties are subject to forfeiture.

## Procedural Background

On December 4, 2019, a federal grand jury sitting in the District of Massachusetts, returned a nine-count Indictment charging Robert Avitabile, a/k/a Bobby (the "Defendant"), among others, with Conspiracy to Conduct Enterprise Affairs Through A Pattern of Racketeering Activity, in violation of 18 U.S.C § 1962(d) (Count One); and Conspiracy to Manufacture, Distribute and Possess with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. § 846 (Count Two).[1]

The Indictment included a RICO Forfeiture Allegation, which provided notice that the United States intended to seek forfeiture, pursuant to 18 U.S.C. § 1963(a), upon conviction of the Defendant of the offense in violation of 18 U.S.C. § 1962, as set forth in Count One of the Indictment, of (a) any interest acquired or maintained in violation of 18 U.S.C. § 1962; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962; and (c) any property constituting,

---

[1] The Defendant was only charged in Counts One and Two of the Indictment.

or derived from, any proceeds obtained, directly and indirectly, from racketeering activity or unlawful debt collection in violation of 18 U.S.C. § 1962. The RICO Forfeiture Allegation identified the Real Properties, among others, as subject to forfeiture.

The Indictment also included a Drug Forfeiture Allegation, which provided notice that the United States intended to seek forfeiture, pursuant to 21 U.S.C. § 853(a), upon conviction of the Defendant of the offense in violation of 21 U.S.C. § 846, set forth in Count Two of the Indictment, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense. The Drug Forfeiture Allegation identified the Real Properties, among others, as subject to forfeiture.

### Legal Analysis

To preserve the *status quo* while this case is pending with respect to the Real Properties, which are identified as directly forfeitable in the Indictment, the United States now seeks a Restraining Order to restrain the transfer, alienation, concealment, or dissipation of the Real Properties. As set forth in more detail below, the applicable forfeiture statutes expressly authorize this Court to issue such an order. *See* 18 U.S.C. § 1963(d)(1)(A) and 21 U.S.C. § 853(e)(1)(A).

A.   **What is Forfeitable**

The forfeiture statutes applicable in this case are 18 U.S.C. § 1963(a) and 21 U.S.C. § 853(a). Pursuant to 18 U.S.C. § 1963(a) and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States is entitled to forfeit:

(a)   any interest acquired or maintained in violation of 18 U.S.C. § 1962;

(b)   any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962; and

3

(c) any property constituting, or derived from, any proceeds obtained, directly and indirectly, from racketeering activity or unlawful debt collection in violation of 18 U.S.C. § 1962.

Pursuant to 21 U.S.C. § 853(a) and Rule 32.2(e) of the Federal Rules of Civil Procedure, the United States is entitled to forfeit any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of an offense such as 21 U.S.C. § 846; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such an offense.

The United States identified the Real Properties, among others, as properties subject to forfeiture pursuant to 18 U.S.C. § 1963(a) and 21 U.S.C. § 853(a). As evidenced by the return of the Indictment, a Grand Jury has found probable cause to believe that the Real Properties are subject to forfeiture pursuant to these statutes.

**B.     Post-Indictment Restraint**

Any property subject to forfeiture under the applicable forfeiture statutes may be restrained pre-trial or during the pendency of a forfeiture ancillary proceeding. *See United States v. Balsiger*, No. 07–CR–57, 2015 WL 5158692, *11 (E.D. Wisc. Sept. 2, 2015) (pretrial restraint, including a *lis pendens* on property to preserve it for forfeiture does not violate the Fifth Amendment or Sixth Amendment, even if the assets would otherwise be used to pay a defendant's legal fees); *United States v. Hailey*, Criminal No. 11–CR–0540–WDQ, 2011 WL 5386328, *1 (D. Md. Oct. 31, 2011) (restraining defendant and his wife from spending any funds traceable to conduct alleged as a fraud scheme, except for "food, shelter and medical attention"); *United States v. Schlotzhauer*, No. 06-00091-01/03-CR-W-GAF, 2008 WL 320717, *11 (W.D. Mo. 2008) (where indictment sought, and statute authorized, forfeiture of both proceeds and facilitating property, restraining order need not be limited to the dollar value of the proceeds set

forth in the indictment but may include property forfeitable as facilitating property as well); *United States v. Madoff*, No. 09 Cr. 213(DC), 2009 WL 1055792 (S.D.N.Y. Apr. 20, 2009), *1-2 (setting forth text of order restraining everything defendant and his wife owns).

This Court has authority to issue a restraining order without a hearing. *See* 18 U.S.C. § 1963(d)(2) ("A temporary restraining order under this section may be entered upon application of the United States without notice or opportunity for a hearing when an information or indictment has not yet been filed with respect to the property, if the United States demonstrates that there is probable cause to believe that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture...and that provision of notice will jeopardize the availability of the property for forfeiture.") and 21 U.S.C. § 853(e)(2) (same); *see also United States v. Holy Land Found. for Relief & Dev.*, 493 F.3d 469, 475 (5th Cir. 2007) (en banc) ("a court may issue a restraining order without prior notice or a hearing"); *United States v. Monsanto*, 924 F.2d 1186, 1193 (2d Cir. 1991) ("notice and a hearing need not occur before an ex parte restraining order is entered pursuant to section 853(e)(1)(A)") (abrogated on other grounds); *United States v. Bissell*, 866 F.2d 1343, 1352 (11th Cir. 1989) (same); *United States v. Jamieson*, 427 F.3d 394, 405-06 (6th Cir. 2005) (restraining order may be entered upon the filing of the indictment; post-restraint hearing under the *Jones-Farmer* rule is sufficient to protect defendant's right to due process).

The issuance of a pre-trial restraining order is not discretionary. If the United States establishes a probable cause basis that the property is subject to forfeiture, the Court **must** enter the restraining order. *See United States v. Monsanto*, 491 U.S. 600, 612-13 (1989) (the word "may" in 21 U.S.C. § 853(e) means only that the district court may enter a restraining order if the Government requests it, but not otherwise, and that it is not required to enter the order if a

bond or other means exists to preserve the property; this provision "cannot sensibly be construed to give district court[s] discretion to permit the dissipation of the very property that section 853(a) requires to be forfeited upon conviction").

Under the statutory schemes of 18 U.S.C. § 1963(d) and 21 U.S.C. § 853(e), whether or not a restraining order is temporary turns on whether an indictment has been returned or an information has been filed. Under 18 U.S.C. § 1963(d)(1)(B) and 21 U.S.C. § 853(e)(1)(B), a temporary (up to 90 days) restraining order obtained with notice to persons appearing to have an interest in the property sheds its expiration date if an indictment is returned. *See* 21 U.S.C. § 853(e)(1)(B)(ii) ("shall be effective for not more than ninety days, unless extended by the court for good cause shown or unless an indictment or information…has been filed.") (emphasis added) and 18 U.S.C. § 1963(d)(1)(B)(ii) (same). Therefore, the filing of an indictment allows issuance of a restraining order with no time limitations *or* the conversion of a pre-indictment temporary restraining order into a permanent one. In addition, the statutory provisions that govern applications for pre-indictment temporary restraining orders specifically state whether or not notice is required and the ramifications thereof (*i.e.*, 90-day time limitation versus a 14-day limitation). *See* 21 U.S.C. §§ 853(e)(1)(B) and 853(e)(2) and 18 U.S.C. §§ 1963(d)(1)(B) and 1963(d)(2).

By contrast, the statutory provisions that govern post-indictment restraining orders contemplate *ex parte* applications because they do not mandate notice. *See* 21 U.S.C. § 853(e)(1)(A) and 18 U.S.C. § 1963(d)(1)(A). *See also Nken v. Holder*, 556 U.S. 418, 426 (2009) ("[S]tatutory interpretation turns on 'the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.'"), citing *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997); *see United States v. Jones*, 160 F.3d 641, 647-49 (10th

Cir. 1998) (pre-trial restraints may be imposed *ex parte*); *United States v. Jenkins*, 974 F.2d 32, 35-36 (5th Cir. 1992) (no due process violation where post-indictment restraining order was entered *ex parte*); *United States v. Monsanto*, 924 F.2d 1186, 1192-93 (2d Cir. 1991) (unanimous *en banc* court, on remand from Supreme Court case cited in text, *infra*, concludes that strong government interests and exigent circumstances in forfeiture context justify imposition of pre-trial restraints without pre-restraint hearing).

Moreover, unlike 21 U.S.C. § 853(e)(1)(B) and 18 U.S.C. § 1963(d)(1)(B), which permit restraint of assets prior to indictment only upon a showing by the United States of a substantial probability (i) that the United States will prevail on the issue of forfeiture; (ii) that failure to enter the order will result in loss of the property for forfeiture; and (iii) that the need to preserve the assets outweighs the hardship on any party affected by the order, a restraining order after the filing of an indictment, like the one that the United States now seeks, requires only a showing of probable cause to believe that the assets to be restrained are forfeitable. *See United States v. Monsanto*, 491 U.S. at, 615-16 ("[I]t would be odd to conclude that the Government may not restrain property ... based on a finding of probable cause, when we have held that (under appropriate circumstances), the United States may restrain *persons* where there is a finding of probable cause to believe that the accused has committed a serious offense").

In the case at bar, the United States included the Real Properties in the forfeiture allegations of the Indictment as properties directly forfeitable to the United States, and the Grand Jury found probable cause and returned the Indictment. The Real Properties are subject to forfeiture pursuant to 18 U.S.C. § 1963(a) and 21 U.S.C. § 853(a). Accordingly, this Court has the authority to issue both restraining orders and *lis pendens* against the Real Properties to

prevent the transfer and/or dissipation of the Real Properties pending the adjudication of any third party interests.

## CONCLUSION

To preserve the *status quo* with respect to the Real Properties, the United States requests that the Court allow its Motion for Post-Indictment Restraining Order and issue the proposed Orders filed herewith.

                                                Respectfully submitted,

                                                ANDREW E. LELLING
                                                United States Attorney

By:   */s/ Carol E. Head*
       PHILLIP MALLARD
       RACHEL E. GOLDSTEIN
       CAROL E. HEAD, B.B.O. # 652170
       Assistant United States Attorney
       U.S. Attorney's Office
       1 Courthouse Way, Suite 9200
       Boston, MA 02210
       (617) 748-3100

Dated: December 4, 2019                    carol.head@usdoj.gov