UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>v.<br><br>27. ROBERT AVITABILE,<br>A/K/A "BOBBY,"<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **FILED *EX PARTE* AND UNDER SEAL**<br><br>Criminal No.: 19-10459-RWZ |

## UNITED STATES' MOTION FOR *EX PARTE* FINDING AND ENDORSEMENT OF *LIS PENDENS*

The United States of America, by its attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts, moves for a finding that the RICO Forfeiture Allegation and Drug Forfeiture Allegation contained in the Indictment in the above-captioned action constitute a claim of right to title to the following real property:

a. the real property located at 104 Tallman Street, New Bedford, Massachusetts, which is owned by A.M.A. Realty Trust u/d/t, Trustee: Robert J. Avitabile, including all buildings, appurtenances, and improvements thereon, more particularly described in a Corrective Deed recorded in Book 10311, Page 163 at the South Bristol Registry of Deeds;

b. the real property located at 358 North Front Street, New Bedford, Massachusetts, which is owned by A.R.A. Realty Trust, u/d/t, Trustee Robert J. Avitabile, including all buildings, appurtenances, and improvements thereon, more particularly described in a Quitclaim Deed recorded in Book 10727, Page 323 at the South Bristol Registry of Deeds;

c. the real property located at 239 Sawyer Street, New Bedford, Massachusetts, which is owned by 239 Sawyer Realty Trust u/d/t, Trustee: Robert J. Avitabile, including all buildings, appurtenances, and improvements thereon, more particularly described in a Quitclaim Deed recorded in Book 7539, Page 100 at the South Bristol Registry of Deeds; and

d. the real property located at 585 Elm Street, New Bedford Massachusetts, which is owned by A.R.A. Realty Trust Corp., including all buildings, appurtenances, and improvements thereon, more particularly described in a Foreclosure Deed recorded in Book 12908, Page 301 at the South Bristol Registry of Deeds.

(collectively, the "Real Properties") or the use and occupation thereof, and the United States further moves for the endorsement of said finding and *lis pendens* submitted herewith.

On December 4, 2019, a federal grand jury sitting in the District of Massachusetts, returned a nine-count Indictment charging Robert Avitabile, a/k/a Bobby (the "Defendant"), among others, with Conspiracy to Conduct Enterprise Affairs Through A Pattern of Racketeering Activity, in violation of 18 U.S.C § 1962(d) (Count One); and Conspiracy to Manufacture, Distribute and Possess with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. § 846 (Count Two).[1]

The Indictment included a RICO Forfeiture Allegation, which provided notice that the United States intended to seek forfeiture, pursuant to 18 U.S.C. § 1963(a), upon conviction of the Defendant of the offense in violation of 18 U.S.C. § 1962, as set forth in Count One of the Indictment, of (a) any interest acquired or maintained in violation of 18 U.S.C. § 1962; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962; and (c) any property constituting, or derived from, any proceeds obtained, directly and indirectly, from racketeering activity or unlawful debt collection in violation of 18 U.S.C. § 1962. The United States identified the Real Properties, among others, as subject to forfeiture.

The Indictment also included a Drug Forfeiture Allegation, which provided notice that the United States intended to seek forfeiture, pursuant to 21 U.S.C. § 853(a), upon conviction of the Defendant of the offense in violation of 21 U.S.C. § 846, set forth in Count Two of the

---

[1] The Defendant was only charged in Counts One and Two of the Indictment.

Indictment, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense. The United States identified the Real Properties, among others, as subject to forfeiture.

The United States has simultaneously moved for a restraining order, to preserve the *status quo* of the Real Properties and to prevent the Defendant and all other persons with notice of the restraining order from removing, transferring, dissipating, alienating, encumbering, or otherwise disposing of the Real Properties.

As grounds for the herein motion, the United States submits that the requested findings and endorsement of *lis pendens* is required under Massachusetts law regulating the recording and registration of *lis pendens*. *See* M.G.L. 184, § 15. The endorsement will enable the United States to file the *lis pendens* in the appropriate land registration office to give third parties notice of this pending action and of the United States' forfeiture claims to and against the Real Properties.

Massachusetts General Laws, Chapter 184, Section 15, also allows for the filing of the instant motion *ex parte* because there is a danger that the owners of the Real Properties, and third parties alleging an interest in the Real Properties, if notified in advance of the endorsement of the *lis pendens*, will convey, encumber, damage or destroy the Real Properties or the improvements thereon. Furthermore, Massachusetts General Laws, Chapter 184, Section 15, requires that any notice of *lis pendens* recorded at the appropriate Registry of Deeds bear an endorsement by a justice of the court before which the action is pending, acknowledging that the "subject matter of the action constitutes a claim of a right to title to real property or the use and occupation thereof or the buildings thereon...." Endorsement of a notice of *lis pendens* does not constitute a comment on the merits of the underlying case, *i.e.*, whether probable cause exists. *See Sutherland v. Aolean*

*Dev. Corp.*, 502 N.E.2d 528, 531 (Mass. 1987). In *Sutherland*, the Supreme Judicial Court of Massachusetts held that the only issues involved in the endorsement process are "what is the subject matter of the action, and does it consist of a claim of right to title or use and occupation of real property." *Id.* at 531. It is not a finding of probable cause. A *lis pendens* does not purport to create a new right, interest, or remedy in the litigant filing the memorandum of *lis pendens*. *See Debral Realty, Inc. v. DiChiara*, 420 N.E.2d 343, 346 (Mass. 1981). It is merely a mechanism to put potential purchasers on notice of litigation concerning the property. *Id.* at 348.

Consequently, this action constitutes a claim of right to title to the Real Properties. Proposed *Lis Pendens* are attached for consideration by the Court.

WHEREFORE, the United States requests that this Court approve and endorse the proposed findings and the attached *Lis Pendens*.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: */s/ Carol E. Head*
PHILLIP MALLARD
RACHEL E. GOLDSTEIN
CAROL E. HEAD, B.B.O. # 652170
Assistant United States Attorney
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
carol.head@usdoj.gov

Dated: December 4, 2019