UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  )<br>v. )<br>  )<br>27. ROBERT AVITABILE, )<br>    A/K/A "BOBBY," )<br>            Defendant. ) | Criminal No.: 19-10459-AK |

**PRELIMINARY ORDER OF FORFEITURE**
**($236,045.93 in U.S. Currency in Lieu of 239 Sawyer Street, New Bedford, MA)**

**KELLEY, D.J.**

WHEREAS, on December 4, 2019, a federal grand jury sitting in the District of Massachusetts returned a nine-count Indictment charging defendant Robert Avitabile, a/k/a "Bobby," (the "Defendant"), and others, with Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity, in violation of 18 U.S.C. § 1962(d) (Count One); and Conspiracy to Manufacture, Distribute and Possess with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. § 846 (Count Two);[1]

WHEREAS, the Indictment included a RICO Forfeiture Allegation, which provided notice that the United States intended to seek forfeiture, pursuant to 18 U.S.C. § 1963(a), and upon conviction of the Defendant of the offense alleged in Count One of the Indictment, of:

 a. Any interest acquired or maintained in violation of 18 U.S.C. § 1962;

 b. Any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962; and

 c. Any property constituting, or derived from, any proceeds obtained, directly and indirectly, from racketeering activity in violation of 18 U.S.C. § 1962;

---

[1] The Defendant was not charged in Counts Three through Nine of the Indictment.

WHEREAS, the property to be forfeited from the Defendant included, but was not limited to, the following assets:[2]

    a.    the real property located at 104 Tallman Street, New Bedford, MA;

    b.    the real property located at 358 North Front Street, New Bedford, MA;

    c.    the real property located at 239 Sawyer Street, New Bedford, MA; and

    d.    the real property located at 585 Elm Street, New Bedford MA

(collectively, the "New Bedford Properties");

WHEREAS, the Indictment also contained a Drug Forfeiture Allegation, pursuant to 21 U.S.C. § 853, which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of the offense alleged in Count Two of the Indictment, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, and the property to be forfeited included, but was not limited to, the New Bedford Properties;[3]

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially

---

[2] Several additional properties were named as forfeitable in the RICO Forfeiture Allegation; however, those properties are associated with co-defendants in this case, and the United States does not seek to forfeit them from the Defendant in this action.

[3] Several additional properties were named as forfeitable in the Drug Forfeiture Allegation; however, those properties are associated with co-defendants in this case, and the United States does not seek to forfeit them from the Defendant in this action.

2

diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 18 U.S.C. § 1963(m), and/or 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant, up to the value of such property;

WHEREAS, on April 19, 2022, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Indictment, pursuant to a written plea agreement that he signed on April 19, 2022;

WHEREAS, pursuant to the written plea agreement, the assets to be forfeited specifically included, without limitation, the following:

    a.    the real property located at 104 Tallman Street, New Bedford, MA;

    b.    the real property located at 358 North Front Street, New Bedford, MA (the "358 North Front Street Property");

    c.    the real property located at 239 Sawyer Street, New Bedford, MA;

    d.    $33,954.07 in United States currency, representing the proceeds of the sale of the real property located at 585 Elm Street, New Bedford MA; and

    e.    $420,000, to be entered in the form of an Order of Forfeiture (Money Judgment)

(hereinafter, a.-c. are referred to as the "Real Properties," d. is referred to as the "Currency," and collectively, a.-d. are referred to as the "Properties");

WHEREAS, the Defendant admitted that the Properties are subject to forfeiture on the grounds that they constituted, or were derived from, proceeds of the Defendant's offenses, were used to facilitate the Defendant's offenses, and/or were acquired, or maintained, or involved in a violation of 18 U.S.C. § 1962 (as set forth in 18 U.S.C. § 1963(a));

WHEREAS, the Defendant agreed, in the written plea agreement, to sell the remaining

3

Real Properties, and the United States agreed to defer filing forfeiture motions against the Real Properties until two (2) years after the date of the Defendant's sentencing, as long as the Defendant made reasonable efforts to sell the Real Properties during this two-year time period;

WHEREAS, on October 6, 2022, this Court issued an Order of Forfeiture (Money Judgment) against the Defendant in the amount of $420,000, pursuant to 18 U.S.C. § 1963, 21 U.S.C. § 853, and Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure;[4]

WHEREAS, with the government's assent, on or about October 6, 2023, the Defendant sold the 358 North Front Street Property and forwarded $150,000 in United States Currency (the "$150,000 in U.S. Currency") to the United States, to be forfeited in lieu of the 358 North Front Street Property;

WHEREAS, on June 25, 2024, this Court issued a Final Order of Forfeiture for the $150,000 in U.S. Currency;[5]

WHEREAS, with the government's assent, the Defendant sold the 239 Sawyer Street Property;

WHEREAS, on or about September 18, 2024, the Defendant forwarded $236,045.93 in United States Currency (the "$236,045.93 in U.S. Currency") to the United States, to be

---

[4] The Court issued a Final Order of Forfeiture against the $33,954.07 in United States currency, representing the proceeds of the sale of the real property located at 585 Elm Street, New Bedford, MA on February 16, 2023 (*see* Docket No. 2751), and the Defendant's $420,000 forfeiture money judgment has been credited with the $33,954.07 in United States currency.

[5] The Defendant's $420,000 forfeiture money judgment has also been credited with the $150,000 in United States currency, received from the sale of the 358 North Front Street Property. Currently, the balance of the Defendant's outstanding forfeiture money judgment is $236,045.93.

forfeited in lieu of the 239 Sawyer Street Property;

WHEREAS, in light of the Defendant's guilty plea, his admissions in his written plea agreement, and his conviction on Counts One and Two of the Indictment, the United States has established the requisite nexus between the $236,045.93 in U.S. Currency and the offenses to which the Defendant was convicted, and accordingly, the $236,045.93 in U.S. Currency is subject to forfeiture to the United States pursuant to 18 U.S.C. § 1963 and 21 U.S.C. § 853; and

WHEREAS, pursuant to 18 U.S.C. § 1963, 21 U.S.C. § 853, and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the $236,045.93 in U.S. Currency.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.  The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the $236,045.93 in U.S. Currency and the offenses to which the Defendant has been convicted.

2.  Accordingly, all of the Defendant's interests in the $236,045.93 in U.S. Currency are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 1963 and/or 21 U.S.C. § 853.

3.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the $236,045.93 in U.S. Currency and maintain it in its secure custody and control.

4.  After entry of a Final Order of Forfeiture for the $236,045.93 in U.S. Currency by the Court, the United States shall credit the $236,045.93 in U.S. Currency towards satisfaction of the balance of the Defendant's outstanding forfeiture money judgment.

5. Pursuant to 18 U.S.C. § 1963(*l*)(1), and 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the $236,045.93 in U.S. Currency.

6. Pursuant to 18 U.S.C. § 1963(*l*)(1), and 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the $236,045.93 in U.S. Currency to be forfeited.

7. Pursuant to 18 U.S.C. § 1963(*l*)(2) and (3), and 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the $236,045.93 in U.S. Currency shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the $236,045.93 in U.S. Currency; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the $236,045.93 in U.S. Currency, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the $236,045.93 in U.S. Currency, any additional facts supporting the petitioner's claim, and the relief sought.

8. Pursuant to 18 U.S.C. § 1963(*l*)(7), and 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 18 U.S.C. § 1963(*l*)(2), and 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 18 U.S.C. § 1963(*l*)(2), and 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of

America shall have clear title to the $236,045.93 in U.S. Currency.

9. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 1963, 21 U.S.C. § 853, and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

       /s/ Angel Kelley
ANGEL KELLEY
United States District Judge

Dated: 2/28/2025